

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | **CASE NO. 1:06-CR-121** |
| | § | |
| **JOSEPH LOUIS HENNING** | § | |

**FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE
BEFORE THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that Defendant, Joseph Louis Henning, violated conditions of supervised release imposed by United States District Judge Thad Heartfield. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #50) requesting the revocation of the Defendant's supervised release

The Court conducted a hearing on September 13, 2016, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the

hearing. Having heard the evidence, this court factually finds that Defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

    a.    That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

    b.    That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

**A. Procedural History**

On September 4, 2017, the Honorable Thad Heartfield sentenced Defendant after he pled guilty to the offense of possession with the intent to distribute a controlled substance, a Class B felony. The Court sentenced Defendant to 77 months imprisonment to be followed by four (4) years of supervised release subject to the standard conditions of release, plus special conditions to include drug treatment and a $100 special assessment. On September 9, 2011, Defendant completed his period of imprisonment and began service of the supervision term.

### B. Allegations in Petition

The United States alleges that Defendant violated the following mandatory condition of supervised release:

*The defendant shall not commit another federal, state, or local crime.*

On August 15, 2016, after having previously pled guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine, Defendant was sentenced in Cause No. 1:15CR19-13 in the Eastern District of Texas to a term of imprisonment of 200 months.

### C. Evidence presented at Hearing

At the hearing, the Government proffered that Defendant was serving a term of supervised release and was thereafter indicted, pled guilty, and sentenced in the criminal case set forth above. Defendant offered a plea of true to the allegation in the petition. Specifically, he agreed with the evidence presented and pled true to the allegation that he committed another state, federal, or local crime in violation of his supervision conditions in this case.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that Defendant violated a mandatory condition of his supervised release by committing another state, federal or local crime while serving his term of supervised release.

If the Court finds that Defendant violated his supervision conditions in the manner stated above, this will constitute a Grade A violation under U.S.S.G. § 7B1.4(a). Upon finding a Grade A violation, the Court shall revoke supervised release. *See* U.S.S.G. § 7B1.3(a)(1). Based upon

the defendant's criminal history category of VI and the Grade A violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 24 to 30 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class B felony, the statutory maximum imprisonment term upon revocation is three years. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States v. Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and Defendant's own admission supports a finding that he violated his supervision conditions. The Court, therefore, finds by a preponderance of the evidence that Defendant committed a Grade A violation of his supervision conditions by committing another state, federal or local crime while serving a term of supervised release.

At the revocation hearing, the parties could not reach an agreement on the appropriate sentence for the supervised release violation. Defendant pled true and agreed that he violated his supervised release, but he requested that the Court recommend a sentence below the applicable

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

guideline range due to the fact that he is 59 years of age and has received a sentence of 200 months imprisonment on the new federal charge. Defendant also argues that he is severely disabled in that he has suffered two strokes, suffers from diabetes, and is confined to a wheelchair. He also argues that he served four (4) years on supervised release without any issues.

In contrast, the Government argued for a term of imprisonment within the applicable guideline range. The Government argued that Defendant had been shown leniency in the criminal case in that he was subject to a sentence of life imprisonment if the Government had chosen to file an enhancement, which it chose not to do. The Government argued that Defendant had a long history of drug convictions and evidence admissible at trial would have shown that he was that he was involved in a long term conspiracy to distribute narcotics and was not a minor participant as he claimed to be. Regarding Defendant's health issues, the Government noted that Defendant suffered one stroke prior to the beginning of the conspiracy and another during the term of the conspiracy, however, he never chose to terminate his role in the agreement to distribute narcotics.

After considering the circumstances of the case and the arguments and evidence presented, the Court finds that Defendant violated his conditions of supervised release with the Grade A violation as stated *supra*. In reaching a decision on an appropriate sentence, the Court takes into account both the Government's and the Defendant's arguments in this case. Defendant has received a substantial sentence in the criminal case and, due to his physical condition and age when due to be released, is a fairly low risk to commit other drug trafficking crimes. However, Defendant has been shown leniency at sentencing by the Government and has a long criminal history. The undersigned takes all this into consideration, as well as the sentencing factors under 18 U.S.C. § 3553(a), especially the history and characteristics of the defendant.

Based upon the plea of true and the evidence presented in this case, the undersigned magistrate judge recommends that the District Court accept the plea of true and revoke Defendant's supervised release. Considering the applicable sentencing factors, the totality of the circumstances, and the testimony presented, the undersigned magistrate judge further recommends that the District Court order Defendant to serve a term of **twenty (20) months imprisonment** on the supervised release revocation, with no further term of supervision to follow in this case.

### **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. See 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 16th day of September, 2016.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE